HARRINGTON *v.* HALL.

LEASE — ASSIGNMENT — CONSENT OF LESSOR — LEASE TO THIRD PARTY.

  * Where a lease is nontransferable without the written assent of the lessor, and the lessees have transferred the lease and surrendered possession to the assignee, and the lessor has verbally assented to it, and has received advanced rent from the assignee through the lessees, and has rented the property to a third person, the assignee can recover the rent advanced.

Error to Berrien; Coolidge, J.    Submitted May 7, 1901.    Decided May 21, 1901.

*Assumpsit* by Lloyd B. Harrington against Charles W. Hall for money had and received.    From a judgment for plaintiff, defendant brings error.    Affirmed.

Defendant, through his agent, one Whitman, leased to the firm of Morris & Simpson, copartners, a livery barn. The lease was nontransferable.    Morris & Simpson sold their business to plaintiff.    Plaintiff knew of the provisions of the lease.    Whitman declined to receive the rent direct from plaintiff, but plaintiff paid it to Morris & Simpson, and Morris & Simpson paid it to Whitman, and it was thus paid from January 18th to April 3d.    On the latter date plaintiff and Morris & Simpson went to Mr.

---

  * Head-note by GRANT, J.

Whitman, and, after some conversation, plaintiff paid
$90, the amount of rent from that date to the expiration
of the lease, to Morris & Simpson, taking their receipt·
therefor, and Morris & Simpson paid the rent to Whit-
man, and took his receipt.   There was evidence tending
to show that Whitman raised no objection to the transac-
tion so long as the rent was paid.   Plaintiff testified that
he subsequently met the defendant, told him what he had
done, showed him the receipt, and asked him if he had
received the money; that defendant replied it was all
right.   On April 7th defendant executed a written release
to Morris & Simpson, releasing them from further cove-
nants under the lease.   He then refused to recognize any
right of plaintiff to the premises, and leased them to
another party.   Plaintiff demanded the return of his $90,
and, upon refusal, brought this suit.

*Weldon Bros.*, for appellant.

*Cady, Andrews & Murdoch*, for appellee.

GRANT, J. ( *after stating the facts* ).   This case was
submitted to the jury upon the theory that, if Harrington
paid the money to Morris & Simpson, and they turned it
over to Whitman with the understanding that plaintiff
was to occupy the premises, the defendant is liable.   De-
fendant, Hall, was not sworn as a witness, and there is
no contradiction of plaintiff's testimony that, after plain-
tiff had informed him what he had done, he assented to it.
We think that, under the undisputed testimony in the
case, plaintiff was entitled to recover.   It is therefore un-
necessary to discuss the alleged errors.   On the basis that
it was a proper case for a jury, we find no error in the
instructions or ruling of the judge.

Judgment affirmed.

The other Justices concurred.